## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWIN DOLORES QUILES,           :
    Petitioner                  :
                                :          No. 1:21-cv-01208
    v.                          :
                                :          (Judge Kane)
ERIC TICE, <u>et al.</u>,              :
    Respondents                 :

## <u>MEMORANDUM</u>

On July 6, 2021, <u>pro se</u> Petitioner Edwin Dolores Quiles ("Petitioner"), who is presently

incarcerated at the State Correctional Institution in Somerset, Pennsylvania ("SCI Somerset"),

initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania.  (Doc.

No. 2.)  In an Order dated July 8, 2021, that court transferred the matter to this Court for further

proceedings.  (Doc. No. 5.)  Following an Order to show cause (Doc. No. 11), and after receiving

an extension of time (Doc. Nos. 12, 13), Respondents filed a response to Petitioner's § 2254

petition on October 12, 2021 (Doc. No. 14).  Petitioner has filed neither a traverse nor a motion

seeking an extension of time to do so.  Because the time period for filing a traverse has expired,

Petitioner's § 2254 petition is, therefore, ripe for disposition.

## I.      BACKGROUND

### A.      Procedural History

On October 24, 2013, in the Court of Common Pleas for Pike County, Pennsylvania,

Petitioner was charged with two counts of delivery of a controlled substance, one count of

conspiracy to deliver a controlled substance, and two related possession charges.  <u>See</u>

<u>Commonwealth v. Quiles</u>, Docket No. CP-52-CR-0000531-2013 (Pike Ct. C.C.P.).  The

Superior Court of Pennsylvania set forth the following relevant factual history:

> On October 24, 2013, [Petitioner] and his co-defendant pulled into a gas station in Pike County, Pennsylvania.  [Petitioner] went into the gas station, while his co-defendant made a pre-arranged sale of heroin to an undercover member of the Pike County Detective's Office.  Following the controlled buy, Police Officer Joseph Ostrom entered the gas station and placed [Petitioner] under arrest, while other officers took his co-defendant into custody.
>
> Officers transported [Petitioner] to the Pike County Detective Bureau Office, where Chief Detective Michael Jones and Officer Ostrom interviewed [Petitioner].  At the beginning of the interview, which was conducted in English, Chief Detective Jones advised [Petitioner] of his rights pursuant to Miranda[v. Arizona, 384 U.S. 436 (1966)].  [Petitioner] acknowledged his rights, signed a written waiver of those rights, and spoke with Chief Detective Jones and Officer Ostrom.  [Petitioner] also signed written consent forms for the search of his automobile and his cellular phone.

See Commonwealth v. Quiles, 166 A.3d 387, 389-90 (Pa. Super. Ct. 2017).

Subsequently, Petitioner, through attorney Steven R. Guccini, filed an omnibus pretrial motion, seeking, inter alia, to suppress the items seized as a result of his arrest on October 24, 2013, as well as any statements made by Petitioner during his interview on the basis that he did not fully understand English and was under the influence of heroin at the time.  (Doc. No. 14-1 at 1-6.)  Judge Joseph Kameen held a hearing on Petitioner's motion on May 27, 2014, at which Petitioner was represented by attorney Lindsey Collins.  (Id. at 7.)  Petitioner, Chief Detective Jones, and Officer Ostrom testified during this hearing.  (Id. at 8.)  On June 25, 2014, Judge Kameen denied Petitioner's omnibus pretrial motion.  (Id. at 109-11.)

Subsequently, the trial court granted attorney Collins' motion to withdraw as Petitioner's counsel, and attorney Robert Reno was appointed to represent Petitioner.  See Quiles, Docket No. CP-52-CR-0000531-2013.  On January 14, 2015, following a jury trial, Petitioner was convicted of the two delivery of a controlled substance charges, as well as the conspiracy charge. See id.  On March 12, 2015, the trial court sentenced Petitioner to an aggregate sentence of nine

to thirty years' incarceration.  See id.  Petitioner subsequently filed post-sentence motions, which the trial court denied.  See id.

Petitioner timely appealed to the Superior Court of Pennsylvania, raising the following issues: (1) the trial court erred by denying his motion to suppress; and (2) the trial court erred by finding that Petitioner was ineligible for a Recidivism Risk Reduction Incentive ("RRRI") sentence.  See Quiles, 166 A.3d at 390.  On June 23, 2017, the Superior Court affirmed Petitioner's convictions but vacated his sentence and remanded the matter for resentencing and consideration of Petitioner's eligibility for RRRI.  See id. at 395.  On February 8, 2018, the trial court resentenced Petitioner to an aggregate sentence of nine to thirty years' incarceration.  See Quiles, Docket No. CP-52-CR-0000531-2013.

On February 20, 2018, Petitioner filed a pro se Post Conviction Relief Act ("PCRA") petition.  See id.  On February 21, 2018, the PCRA court appointed attorney Lindsey Collins to represent Petitioner.  See id.  Attorney Collins subsequently moved to withdraw as counsel, and the PCRA court granted her motion and appointed attorney Ashley Zimmerman to represent Petitioner.  See id.  On May 7, 2018, Petitioner, through counsel, filed an amended PCRA petition, asserting that trial counsel was ineffective for failing to discuss with Petitioner issues to be raised on direct appeal, specifically the consecutive nature of his sentences.  (Doc. No. 14-1 at 643-45.)  As relief, Petitioner requested resentencing to a concurrent sentence or the reinstatement of his direct appeal rights.  (Id. at 644.)  On May 15, 2018, the trial court, acting sua sponte, issued an amended sentencing order that "reiterated the nine to thirty year aggregate sentence of imprisonment but stated that [Petitioner] was eligible for an RRRI minimum sentence of ninety months."  See Commonwealth v. Quiles, No. 928 EDA 2019, 2020 WL 119658, at *2 (Pa. Super. Ct. Jan. 10, 2020).

3

On July 23, 2018, the PCRA court held a hearing on the amended PCRA petition, at which Petitioner and attorney Reno testified.  (Doc. No. 14-1 at 647-73.)  On September 26, 2018, the PCRA court dismissed Petitioner's amended PCRA petition.  (Id. at 690-96.)  Petitioner subsequently filed a pro se appeal to the Superior Court of Pennsylvania.  Initially, his appeal was quashed as untimely on September 20, 2019.  See Quiles, 2020 WL 119658, at *2.  Petitioner filed a motion for reconsideration, and the PCRA court transmitted a supplemental record, demonstrating that Petitioner's time-stamped notice of appeal had inadvertently been omitted from its docket.  See id.  On October 11, 2019, the Superior Court vacated its order quashing Petitioner's appeal and reinstated it as timely filed.  See id.  However, on January 10, 2020, the Superior Court remanded the matter to the PCRA court to conduct a Grazier[1] hearing to determine whether Petitioner's decision to proceed pro se on his appeal was knowing, intelligent, and voluntary.  See id. at *3.  On February 7, 2021, following a hearing, the PCRA court entered an order determining that Petitioner had waived his right to counsel.  See Quiles, Docket No. CP-52-CR-0000531-2013.

Petitioner raised the following issues in his appellate brief: (1) illegal imposition of consecutive sentences; (2) imposition of an unreasonable sentence; (3) generalized claims of trial and PCRA counsel ineffectiveness; (3) unlawful guilty plea; (5) fabrication of evidence by the police; (6) ineffective assistance of counsel for failing to properly investigate and prepare a defense; and (7) a challenge to the sufficiency of the evidence.  See Commonwealth v. Quiles, No. 928 EDA 2019, 2020 WL 3397859, at *4 (Pa. Super. Ct. June 18, 2020).  On June 18, 2020,

---

[1] See Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1988).  In Grazier, the Supreme Court of Pennsylvania concluded that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."  See id. at 82.

the Superior Court affirmed the dismissal of Petitioner's amended PCRA petition.  See id. at *8.

Petitioner subsequently filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 on July 6, 2021.  (Doc. No. 2.)

      **B.**    **Petitioner's Habeas Claims**

Petitioner raises the following grounds for relief in the instant habeas petition:

1.    Trial counsel was ineffective for failing to properly investigate an illegal search and seizure under the Fourth Amendment;

2.    Trial counsel was ineffective for failing to object to Petitioner's interrogation, which occurred while Petitioner was under the influence of heroin;

3.    Trial counsel was ineffective for "failing to object to [a] finding of guilt where preponderance of evidence to convict was lacking";

4.    Trial counsel was ineffective by failing to object to juror Cody Smith, who was a guard at the Pike County Jail, where Petitioner was detained pending trial; and

5.    Trial counsel failed to provide effective assistance during a hearing before Judge Kameen when the prosecution informed the court that it lacked further evidence other than the testimony of Petitioner's co-defendant, and Judge Kameen "left [the] courtroom without a word and never return[ed]."

(Id. at 5-10, 17.)

## II.    LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were

'grievously wronged' by the criminal proceedings."  See Dunn v. Colleran, 247 F.3d 450, 468

(3d Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 414, 146 (1998)).  The exercise of

restraint by a federal court in reviewing and granting habeas relief is appropriate due to

considerations of comity and federalism.  See Engle v. Isaac, 456 U.S. 107, 128 (1982).  "The

States possess primary authority for defining and enforcing the criminal law.  In criminal trials

they also hold the initial responsibility for vindicating constitutional rights.  Federal intrusions

into state criminal trials frustrate both the States' sovereign power and their good-faith attempts

to honor constitutional law."  Id.  States also have a recognized interest in the finality of

convictions that have survived direct review within the state court system.  See Brecht v.

Abrahamson, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person

in state custody "only on the ground that he is in custody in violation of the Constitution or laws

of the United States."  See 28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has

been adjudicated on the merits in state court proceedings, habeas relief may not be granted

unless:

> the adjudication of the claim[] (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly established [f]ederal law, as
> determined by the Supreme Court of the United States; or (2) resulted in a decision
> that was based on an unreasonable determination of the facts in light of the evidence
> presented in the State court proceeding.

Id. § 2254(d).

## III.   DISCUSSION

The Court must first determine whether Petitioner's grounds for relief presented in his

§ 2254 petition have been exhausted in the state courts and, if not, whether circumstances exist to

excuse Petitioner's procedural default of his claims.  Respondents assert that all five grounds for

relief raised by Petitioner in his § 2254 petition are procedurally defaulted.  (Doc. No. 14 at 6-7.)

Absent unusual circumstances, a federal court should not entertain a petition for writ of

habeas corpus, unless the petitioner has first satisfied the exhaustion requirement articulated in

28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted his

available state remedies if he had the right under the law of the state to raise, by any available

procedure, the question presented.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  A federal

claim may be exhausted either by being raised on direct appeal or presented in post-conviction

PCRA proceedings.  See id. at 845.  In addition, a claim is exhausted when it has been "fairly presented" to the state court.  See Picard v. Connor, 404 U.S. 270, 275 (1971).  To that end, the federal habeas claim "must be the substantial equivalent of that presented to the state courts." See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The petition must do so "in a manner that puts [the respondents] on notice that a federal claim is being asserted."  See Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005).  "The Supreme Court has instructed that a claim is not 'fairly presented' if the state court 'must read beyond a petition or brief . . . in order to find material' that indicates the presence of a federal claim."  Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 542 (3d Cir. 2014) (quoting Baldwin v. Reese, 541 U.S. 27, 32 (2004)). Moreover, a habeas corpus petitioner has the burden of proving the exhaustion of all available state remedies.  See 28 U.S.C. § 2254.  Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation."  See Duncan v. Walker, 533 U.S. 167, 180 (2001).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process."  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).  Claims deemed exhausted because of a state procedural bar are considered to be procedurally defaulted.  See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).  The district court then analyzes the claims under the procedural default doctrine.  See id.  The purpose of this rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court.  See Coleman v. Thompson, 501 U.S. 722, 732 (1991).  In Cone v. Bell, 556 U.S. 449 (2009), the United States Supreme Court explained:

7

It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.  In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the State's interest in correcting their own mistakes is respected in all federal habeas cases.  When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights.  Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

Id. at 465 (internal quotations and citations omitted).

However, habeas corpus review is not barred in every instance in which a state court invokes a procedural rule to preclude its review of the federal claims asserted by a state prisoner. A state procedural rule can preclude federal habeas corpus review "only when the state rule is 'independent of the federal question [presented] and adequate to support the judgment.'"  See Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (citing Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007)).  The requirements of independence and adequacy are distinct.  See id.  A rule is "independent" if it is not dependent on any federal constitutional question, but "[a] state procedural ground will not bar federal habeas relief if the state law ground is 'so interwoven with federal law' that it cannot be said to be independent of the merits of a petitioner's federal claims."  See Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004).  A rule is "adequate" if "it was firmly established, readily ascertainable, and regularly followed at the time of the purported default."  See Leyva, 504 F.3d at 366 (quoting Szuchon v. Lehman, 273 F.3d 299, 372 (3d Cir. 2001)).

A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if the

petitioner can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice."  See Coleman, 501 U.S. at 750.  In order to show "cause and prejudice" sufficient to overcome a state court default, a petitioner must demonstrate the "cause" for his default and "prejudice" attributable thereto.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citing Harris v. Reed, 489 U.S. 255 (1989)).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Under the "prejudice prong," a petitioner has the burden of showing "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  See United States v. Frady, 456 U.S. 152, 170 (1982); see also Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008).

To show a "fundamental miscarriage of justice," a petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  See Schlup v. Delo, 513 U.S. 298, 326 (1995).  Demonstrating actual innocence requires a stronger showing than that needed to establish prejudice.  See id.  In Goldblum v. Klem, 510 F.3d 204 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit explained the applicable two-step inquiry as follows.  First, a "court must decide 'whether the petitioner has presented new reliable evidence . . . not presented at trial,'" and second, if a petitioner "puts forth new evidence not considered by the jury, a court asks 'whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  See id. at 225 (citing Hummard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004)).  If a petitioner can meet this standard

by establishing "cause and prejudice" or a "fundamental miscarriage of justice," the Court will excuse his default and review the merits of the claim presented.  See id.

Respondents maintain that all five grounds for relief set forth supra are procedurally defaulted.  Specifically, Respondents assert that Petitioner's grounds for relief are procedurally defaulted because he did not assert them in his amended PCRA petition, and the Superior Court considered them waived when he presented them on appeal from the dismissal of his amended PCRA petition.  (Doc. No. 14 at 6-7.)  In his § 2254 petition, Petitioner admits that he did not raise Grounds One, Two, and Five on direct appeal or in his PCRA proceedings.  (Doc. No. 2 at 5-8, 17-18.)  He asserts, however, that he raised Ground Three during PCRA proceedings (id. at 9), and Ground Four on both direct appeal and during PCRA proceedings (id. at 11).[2]

Upon review of the record, the Court agrees with Respondents that all five of Petitioner's grounds for relief are procedurally defaulted.  Petitioner never raised Grounds One, Two, and Five on direct appeal or during his PCRA proceedings.  Contrary to Petitioner's assertion, he never raised Ground Three on direct appeal.  Moreover, while Petitioner did allege that counsel was ineffective for failing to challenge the sufficiency of the evidence, he did so only during his appeal of the dismissal of his amended PCRA petition.  (Doc. Nos. 2-1 at 3; 14-1 at 731-33.) Finally, while Petitioner raised several ineffective assistance claims during his appeal, he never raised any claim regarding counsel's failure to object to Cody Smith as a juror, as set forth in Ground Four.  (Doc. No. 14-1 at 731-33.)

With respect to the ineffective assistance claims Petitioner raised during his appellate PCRA proceedings, the Superior Court stated:

---

[2] The Court notes, however, that Petitioner also asserts that none of his grounds for relief have been "presented to the highest state court having jurisdiction" and provides no reason for failing to do so.  (Doc. No.  at 12-13.)

[Petitioner] next claims that Attorney Reno, his trial counsel, was ineffective. [Petitioner], however, does not identify those issues with any specificity other than "consecutive sentence/extremely harsh sentence, and actual innocence."

In response, the Commonwealth argues that the PCRA hearing testimony established Attorney Reno "discussed all issues of concern" with [Petitioner] and explained that counsel "did not raise certain issues . . . because they were frivolous." The Commonwealth claims that "with respect to . . . the imposition of his sentence, those issues were raised on the initial appeal" by Attorney Reno.   The Commonwealth concludes that [Petitioner] failed to meet the standards set forth in Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (Pa. 1987).

The PCRA court did not explain its reasoning in detail.  It held that [Petitioner] "failed to fulfill all three prongs of the Pierce test, and that he failed to overcome the presumption that trial/appellate counsel was effective."

Initially, we hold [Petitioner] "has waived his issue by neglecting to present appropriate argument and citation on appeal."  Commonwealth v. Rykard, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citation omitted).  Although we construe his pro se argument liberally, Commonwealth v. Postie, 110 A.3d 1034, 1041 n.8 (Pa. Super. 2015), [Petitioner] has not addressed the factors for finding ineffective assistance of counsel under Pierce.  [Petitioner] has not argued that "(1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error." Commonwealth v. Dennis, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citing Pierce, 527 A.2d at 975).

In any event, even if we presumed that [Petitioner] preserved a claim that Attorney Reno was ineffective by not raising a challenge to the imposition of consecutive sentences, Attorney Reno testified at the PCRA hearing that he did, in fact, raise the issue of consecutive sentences in the Rule 1925(b) statement.  Attorney Reno also testified that raising the consecutive-sentence issue would be frivolous.  Id. at 19.   [Petitioner] has not explained why Attorney Reno's decision lacked any reasonable basis.  See Dennis, 17 A.3d at 301 (stating the Pierce factors).  For these reasons, we affirm the PCRA court's order, although on different grounds.  See [Commonwealth v.] Clouser, 998 A.2d [ 656,] 661 n.3 [(Pa. Super. 2010)].

In his remaining claims, [Petitioner] asserts that he entered an unlawful guilty plea, the police fabricated the evidence against him, PCRA counsel was ineffective, and trial counsel was ineffective for failing to investigate and prepare a defense. However, we conclude that [Petitioner] has not preserved these claims for relief.

Pennsylvania Rule of Appellate Procedure 302 states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa. R.A.P. 302.  For example, in Commonwealth v. Roney, 622 Pa. 1, 79 A.3d 595 (Pa. 2013),

our Supreme Court found that the defendant waived an issue because he failed to present it to the PCRA court. <u>Roney</u>, 79 A.3d at 611. Furthermore, claims of PCRA counsel's ineffectiveness cannot be raised for the first time on appeal. <u>Commonwealth v. Ford</u>, 44 A.3d 1190, 1200-01 (Pa. 2012) (holding, "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court," and "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter").

Turning to the instant case, [Petitioner's] amended PCRA petition only raised claims that consecutive sentences were inappropriate and trial counsel was ineffective for failing to raise various claims on direct appeal. [Petitioner], therefore, cannot raise and preserve issues that were never presented to the PCRA court. <u>See</u> Pa. R.A.P. 302; <u>Roney</u>, 79 A.3d at 611. To the extent that [Petitioner] challenges PCRA counsel's ineffectiveness, he cannot raise such a claim for the first time on appeal. <u>See</u> <u>Ford</u>, 44 A.3d at 1200-1201.

<u>See</u> <u>Quiles</u>, 2020 WL 3397859, at *7-8 (internal citations to the record omitted). Thus, to the extent Petitioner asserted any of his current grounds for relief in his appeal to the Superior Court, those grounds were considered waived pursuant to Pennsylvania Rule of Appellate Procedure 302. Rule 302 is an independent and adequate state rule for purposes of procedural default. <u>See</u> <u>King v. Sup't Coal Township SCI</u>, No. 20-1197, 2021 WL 3781725, at *3 (3d Cir. Aug. 26, 2021) (noting that Rule 302 is "firmly established and regularly followed in Pennsylvania"); <u>Thomas v. Sec'y, Pa. Dep't of Corr.</u>, 495 F. App'x 200, 206 (3d Cir. 2012) (concluding same). Thus, Petitioner has not exhausted his grounds for relief, and these grounds are procedurally defaulted because any second PCRA petition and subsequent appeal by Petitioner would be untimely. <u>See</u> 42 Pa. Cons. Stat. Ann. § 9545(b) (providing that such a petition must be filed within one (1) year of the date on which the judgment becomes final).

Consequently, because Petitioner's grounds for relief are procedurally defaulted, the Court can entertain the merits only if Petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice. Petitioner, however, fails to present any new evidence to establish that a fundamental miscarriage of justice would occur if the Court did not consider the

merits of his claims.  See Coleman, 501 U.S. at 750; Goldblum, 510 F.3d at 225.  With respect to cause and prejudice, Petitioner asserts that he did not raise these claims on direct appeal because counsel decided what issues to argue.  (Doc. No. 2 at 6-11, 18.)  In Pennsylvania, however, individuals are required to bring ineffective assistance of counsel claims in a PCRA petition.  See Richardson v. Superintendent Coal Twp. SCI, 905 F.3d 750, 760 (3d Cir. 2018) (citing Commonwealth v. Grant, 813 A.2d 726, 737-38 (2002)).  Petitioner asserts that he failed to raise these claims during PCRA proceedings because another inmate handled those proceedings for him.  (Doc. No. 2 at 6-9, 19.)  Cause "under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him."  See Gonzalez v. Sup't Graterford SCI, 655 F. App'x 96, 100 (3d Cir. 2016).  Thus, Petitioner's reliance on another inmate for assistance during his PCRA proceedings cannot serve as cause to excuse his procedural default of his grounds for relief.  Accordingly, because Petitioner cannot establish cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, the Court will not consider the merits of his grounds for relief, and such grounds will be denied.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473,

484 (2000).  In the case at bar, jurists of reason would not find the disposition of this case

debatable.  Accordingly, the Court will not issue a COA in this case.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 (Doc. No. 2) will be denied and a COA will not issue.  An appropriate Order

follows.